# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMA BAHATI BERNARD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>R. ZUNIGA,<br><br>　　　　Respondent. | Case No. 1:17-cv-00426-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 16) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner was sentenced to a term of nine months for a supervised release violation in the Southern District of California. (ECF No. 16 at 2).[1] On February 16, 2017, Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On March 1, 2017, the petition was transferred to the Southern District of California. (ECF No. 4). On March 20, 2017, the petition was transferred back to the Eastern District. (ECF No. 8-1). In the petition, Petitioner appears to challenge the Federal Bureau of Prison's refusal to place Petitioner at a Residential

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Reentry Center ("RRC") for the final 120 days of his incarceration term. (ECF No. 1 at 6–8). On May 26, 2017, Respondent filed a motion to dismiss the petition as moot. (ECF No. 16). Petitioner has not filed any opposition.

**II.**

**DISCUSSION**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and *likely to be redressed by a favorable judicial decision*.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner requests that he be released into any halfway house for 120 days, as recommended in his judgment. (ECF No. 1 at 8). On April 20, 2017, Petitioner was transferred to the Correctional Alternatives RRC, and Petitioner was projected to be released on June 15, 2017. (ECF No. 20 at 2). Given that Petitioner has received the remedy he requested in his petition, the Court finds that no case or controversy exists.

**III.**

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 16) be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The

assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 12, 2017**

_____
UNITED STATES MAGISTRATE JUDGE